ROBERT M. STITT and Another v. RAT PORTAGE LUMBER COMPANY.[1]

June 17, 1904.

Nos. 13,878—(85).

Action in the district court for St. Louis county to recover $2,384.94, and interest, for services performed under a written contract. The case was tried before Ensign, J., and a jury, which rendered a verdict in favor of plaintiff for $1,669.69. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*R. R. Briggs,* for appellant.

*H. B. Fryberger,* for respondents.

PER CURIAM.

Plaintiff brought suit to recover upon a contract with defendant for cutting, hauling, and banking an extensive quantity of white and Nor-

[1] Reported in 100 N. W. 1125.

way pine on lands in Itasca county during the fall of 1898 and the spring and summer of 1899, for which he claims to have been promised specified amounts per thousand feet for such logs, dependent upon their quality, quantity, and length. During the period referred to plaintiff delivered a large amount of timber under the contract, and received payments from time to time, but, upon the claim that there was a balance due, sued and recovered a verdict therefor in this action. There was a motion for new trial, which was overruled.

At the trial two issues of fact were submitted to the jury, viz.: Whether the terms of the contract had been modified upon a new consideration as to the amount to be paid per thousand for the Norway pine, depending upon the quality and quantity furnished, which was without doubt a question of fact and disposed of under proper submission by the jury. The real question here is upon the issue whether a certain payment of $1,000, made in July, 1899, was to be applied upon the contract for furnishing the timber made in 1898 or the next year; and the several assignments of error relied upon by appellant involve the question whether this sum, which the jury included in their award, had been applied by plaintiff on the contract referred to, as it might well have been, or was, under agreement of the parties, advanced pay for stumpage on another independent arrangement between the parties consummated on July 15, 1899, at the city of Winnipeg.

While there were yet amounts due the plaintiffs under the contract of the previous year, on July 17, 1899, one of them, Stitt, for the firm commenced the purchase of timber and the furnishing of camps under the new contract, so called, and on the 19th of that month caused a draft on defendant through the Northern Pacific Bank at Brainerd for $1,000, which was honored by defendant; and the material controversy in this suit arose over the question whether this draft was applied and should have been credited upon the purchase of the stumpage under the new deal, as found by the jury, instead of upon the prior arrangement. The jury were properly instructed by the court that the creditor, in the absence of any agreement, had the right to apply the payment, as between the two contracts, upon the former, and whether he had done so was the issue under the evidence. The question of the appropriate application of the $1,000 was held to have been made upon the new contract, and upon a careful examination of the evidence we are of the

opinion that it supported this view sufficiently to sustain the verdict, and we find no material error in the instructions of the court that deprived the defendant of the full benefit of the legal rights to which it was entitled.

During the trial of the cause testimony was received showing the purpose of plaintiffs, when the draft of $1,000 at Brainerd was made, to make the application of the same to the new contract. To meet this evidence defendant's counsel immediately issued a subpoena for one Treglawny, the cashier of the Brainerd Bank, and caused it to be served, for the purpose of showing material matters to establish the claim that, when this draft was drawn, the proceeds were to be applied upon the old contract. The witness did not attend the trial, and upon affidavits of surprise as to the testimony for plaintiff, showing their intention whether the application of this amount should be made on the new or old contract, a new trial was asked and denied. An examination of the affidavits on this showing satisfies us that the proposed evidence was cumulative, and that the court, in refusing the relief, was justified in the conclusion that it reached that the defendant should have anticipated that the issue as to the application of this payment was a matter of controversy sufficiently involved in the issues to have prepared himself to have met the same by production of the evidence of the cashier, and that its refusal of a new trial on this ground, which was within its discretion, cannot be interfered with.

Order affirmed.